J-A17025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS LLOYD | : | |
| | : | |
| Appellant | : | No. 1720 EDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0501982-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS LLOYD | : | |
| | : | |
| Appellant | : | No. 1750 EDA 2021 |

Appeal from the PCRA Order Entered August 20, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0501992-1998

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 17, 2022**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals, Appellant Marcus Lloyd appeals from orders dismissing his second Post Conviction Relief Act[1] (PCRA) petition.[2] After review, we vacate the orders and remand for further proceedings consistent with this Memorandum.

A prior panel of this Court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] and three confederates, Herbert Blakeney, Gregory Miller, and Kenneth Miller, were arrested and charged with two counts of first-degree murder, robbery, conspiracy, and related offenses, pertaining to the robbery and shooting deaths of Charles Love, Esquire, who had been co-defendant, Gregory Miller's attorney, and Mr. Brian Barry, who was an assistant/paralegal to attorney Charles Love. The criminal incident occurred on February 25, 1998.
>
> Blakeney, entered into a negotiated guilty plea agreement with the Commonwealth, whereby he pled guilty to two counts of first-degree murder, and related charges, and received two concurrent sentences of life imprisonment. Blakeney testified for the Commonwealth at trial, and [he] admitted to being the actual shooter of the two victims.
>
> The evidence at trial established that one of the murder victims, Charles Love, Esquire, had represented co-defendant, Gregory Miller, in various matters, and had obtained monies for Gregory Miller as a result of civil claims. The entire sums recovered could not be distributed to Gregory Miller because of outstanding Family Court support orders and liens. In claims against the City of

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant filed a separate notice of appeal at each trial court docket. The appeal at 51-CR-0501982-1998 (501982-1998) was docketed at Superior Court docket 1720 EDA 2021, and the appeal at trial court docket 51-CR-0501992-1998 (501992-1998) was docketed at Superior Court docket 1750 EDA 2021. On September 8, 2021, Appellant filed a motion to consolidate the appeals, and on September 21, 2021, this Court granted Appellant's motion.

Philadelphia, Mr. Love had recovered a sum of $15,000 for his client, Gregory Miller. A "Statement of Distribution" indicated that after various deductions, Gregory Miller was to receive the amount of $5,915.10. However, Gregory Miller had also owed child support arrearages, and had agreed that the sums recovered were to be applied to the reduction of the amount of the arrearages.

On February 25, 1998, [Appellant] and Kenneth Miller visited Blakeney and told him that Gregory Miller wanted to speak to all of them about a "stick-up." The three of them then proceeded to Gregory Miller's home, where the group discussed Gregory Miller's plan to have them rob and murder Mr. Love and Mr. Brian Barry. Gregory Miller explained that he wanted the victims robbed and killed because he had not received the expected amount of funds from attorney Love.

Gregory Miller gave [Appellant] a .38 caliber handgun and some telephone wire and instructed him to conceal the weapon until the group was inside Mr. Love's law office. Gregory Miller directed that Brian Barry was to be tied up. He also told Blakeney to use the gun to force Mr. Love to write a check for $10,000.00. He told [Appellant] to take the check to a bank to have it cashed, and he instructed Kenneth Miller to shoot both victims [after Appellant] cashed the check. Gregory Miller told his cohorts to "leave no witnesses".

[Appellant], Kenneth Miller, and Blakeney then went to Mr. Love's office. Gregory Miller did not go with them to the office. Once at the office, Blakeney confronted Mr. Love with the handgun and demanded that he write a check for $10,000.00. [Appellant] took Mr. Brian Barry into a storage closet, laid him face-down on the floor, and "hog-tied" him. [Appellant] then took the check to a nearby bank, in an attempt to cash it. Blakeney took $1,500.00 from Mr. Love's pocket, and he and Kenneth Miller took turns keeping watch at a window, and holding Mr. Love at gunpoint, to ensure that he could answer the phone. [Appellant] was unable to have the check cashed at the bank because of inadequate identification. [Appellant] returned to the law office and said to Mr. Love: "You know you are a dead motherf****r now." Blakeney then gave the gun to Kenneth Miller while he (Blakeney) took Mr. Love into the storage closet and laid him on the floor next to Mr. Barry. Kenneth Miller gave the gun back to Blakeney and urged him to kill the victims, saying, "You are a bitch ass n****r, if you don't kill the motherf****rs." Blakeney . . . then shot both victims in the head. [Appellant], Blakeney and Kenneth Miller

- 3 -

then split the $1,500.00 taken from the robbery and went shopping. Blakeney subsequently returned the gun to Gregory Miller, but [he] did not give him any money, telling him that they had been unable to cash the check, and omitting telling him of the $1,500.00 taken from Mr. Love. . . .

Blakeney pled guilty to two counts of murder and agreed to testify at [Appellant's] trial in exchange for concurrent life sentences. The Honorable James F. Fitzgerald, III, presided over [Appellant's] jury trial and the subsequent penalty phase, after which the jury returned verdicts of death for each of [Appellant's] murder convictions.[3] On December 20, 1999, the sentencing court formally imposed concurrent death penalty sentences for the murder convictions and imposed concurrent sentences of five (5) to twenty (20) years' imprisonment for the robbery conviction and twenty (20) to forty (40) years' imprisonment for the criminal conspiracy conviction.

[Appellant's] counsel filed post-sentence motions on December 28, 1999[.] Upon request, trial counsel was permitted to withdraw, and Richard E. Johnson, Esquire was appointed as replacement counsel. On August 23, 2000, Attorney Johnson filed amended post-sentence motions, the trial court heard oral argument thereon, and the court denied [Appellant's] motions for a new trial and an arrest of judgment.

[Appellant] appealed his judgment of sentence to the Pennsylvania Supreme Court, and on May 29, 2002, the Court granted his petition to remand for resentencing and remanded for a new sentencing hearing. Thereafter, Attorney Johnson was permitted to withdraw and . . . counsel was appointed. On August 20, 2003, the Honorable Jane Cutler Greenspan conducted a sentencing hearing, following which she imposed consecutive terms of life imprisonment for the two murder convictions. The sentences for the robbery and criminal conspiracy convictions remained the same and were ordered to run concurrently with the life sentences. . . .

On June 27, 2005, this Court affirmed the judgment of sentence. On November 10, 2005, the Pennsylvania Supreme Court denied

---

[3] The jury found Appellant guilty of two counts of first-degree murder (18 Pa.C.S § 2502(a)), and one count each of robbery (18 Pa.C.S § 3701) and conspiracy (18 Pa.C.S. § 903).

[allowance of] appeal. [Appellant] did not file a petition for a writ of *certiorari* with the United States Supreme Court.

On November 30, 2005, [Appellant] filed a timely first PCRA petition, which the PCRA court ultimately denied on February 6, 2008. This Court affirmed the denial of PCRA relief on March 20, 2009. The Pennsylvania Supreme Court denied [allowance of] appeal on September 22, 2009.

*Commonwealth v. Lloyd*, 3010 EDA 2017, 2019 WL 5212767, at *1-3 (Pa. Super. filed Oct. 16, 2019) (*Lloyd I*) (unpublished mem.) (citations omitted and formatting altered).

On April 20, 2012, Appellant filed his second PCRA petition. Appellant acknowledged that his second PCRA petition was facially untimely, but he asserted that he had established an exception to the PCRA time bar. Second PCRA Pet., 4/20/12, at 3. Specifically, Appellant claimed that he satisfied the newly discovered facts exception, and he maintained that he had uncovered information concerning prosecution witness and co-conspirator Blakeney's mental health status that could have been used to impeach Blakeney at Appellant's trial. Appellant alleged that the Commonwealth failed to turn over sealed records and sealed notes of testimony from Blakeney's guilty plea revealing that at the time of Appellant's trial, Blakeney was mentally ill and taking psychotropic medication. Appellant claimed that this information was improperly withheld by the Commonwealth in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 3-4.

The PCRA court found that Appellant failed to satisfy an exception to the PCRA time bar, and it dismissed Appellant's second PCRA petition as untimely.

Order, 8/11/17. Appellant filed a timely appeal, and on October 16, 2019, this Court concluded that the PCRA court erred in dismissing Appellant's second PCRA petition, reversed the PCRA court's order, remanded for the appointment of counsel, and directed the PCRA court to hold an evidentiary hearing. *See Lloyd I* at *6-7.

On February 21, 2020, the PCRA court appointed Attorney Stephen O'Hanlon to represent Appellant, and Attorney O'Hanlon filed an amended second PCRA petition on April 4, 2020. On October 21, 2020, the Commonwealth filed a motion to dismiss, and in this motion, the Commonwealth agreed that Appellant satisfied the newly discovered fact exception to the PCRA time bar. Mot. to Dismiss, 10/21/20, at 9. However, the Commonwealth also contended that even if the petition is deemed timely, there was no merit to Appellant's underlying claims. *See id.* at 9-11.

The record reflects that despite this Court's directive to hold an evidentiary hearing, the PCRA court filed notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Rule 907 Notice, 3/3/21. In orders filed on August 19, 2021, and August 20, 2021, the PCRA court dismissed Appellant's PCRA petition without holding a hearing.

Appellant filed timely notices of appeal at each trial court docket. The PCRA court did not order Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 18, 2022, the PCRA court informed this Court that the judge who oversaw this

matter was no longer on the bench, and that the record would be forwarded to this Court without an opinion.

On appeal, Appellant presents the following issue:

Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because the Superior Court previously remanded for a hearing [concerning Superior Court] docket 3010 EDA 2017, and Appellant also raised newly discovered evidence issues below relating to former Philadelphia detective, David Baker?

Appellant's Brief at 4 (some formatting altered).

Appellant contends that the PCRA court erred in dismissing his PCRA petition without a hearing and asserts that this Court ordered the PCRA court to hold a hearing to determine whether Appellant's second PCRA petition satisfied an exception to the PCRA time bar and further, to consider substantive claims in his second PCRA petition. *Id.* at 9-18. Additionally, Appellant argues that there is merit to both his *Brady* claim and his claim concerning Detective David Baker. *Id.* at 19-22. Specifically, Appellant states that the Commonwealth failed to provide evidence of Blakeney's mental health records, and he also asserts that there is after-discovered evidence that Detective Baker attempted to coerce statements from Appellant while preventing Appellant from having access to counsel. *See id.*[4]

---

[4] We note that at times, Appellant appears to conflate the concepts of newly discovered evidence and after-discovered evidence. *See* Appellant's Brief at 10-14. However, in light of our disposition, on remand, it is for the PCRA court to first determine whether Appellant's claim involving newly discovered

*(Footnote Continued Next Page)*

In response, the Commonwealth contends that this Court's determination in **Lloyd I** only required a hearing to determine whether Appellant's second PCRA petition was timely. Commonwealth's Brief at 10-11. The Commonwealth asserts that because it conceded that Appellant's second PCRA petition satisfied the newly discovered fact exception to the PCRA time bar, the PCRA court was not required to hold a hearing to determine if Appellant's second PCRA petition satisfied an exception to the PCRA time bar. **Id.** at 11. The Commonwealth then explains that the PCRA court properly dismissed Appellant's second PCRA petition due to lack of merit. **Id.** at 12-16.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA

_____

evidence satisfies an exception to the PCRA time bar, and only then shall the PCRA court reach the merits of the substantive claim concerning after-discovered evidence. **See Commonwealth v. Williams**, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021) (explaining that a claim of newly discovered evidence under 42 Pa.C.S. § 9545(b)(1)(ii) is a jurisdictional threshold that does not require any merits analysis of an underlying after-discovered evidence claim, and it is only after a petitioner establishes jurisdiction by pleading and proving the newly discovered facts exception that he or she can then present a substantive after-discovered evidence claim pursuant to 42 Pa.C.S. § 9543(a)(2)(vi)).

court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3). When a PCRA petition is filed after the one-year time bar, the petitioner must plead and prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The timing requirements of the PCRA are jurisdictional, and the PCRA court lacks jurisdiction to address an untimely petition unless the petitioner pleads and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii). ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); ***see also Commonwealth v. Ballance***, 203 A.3d

1027, 1033 (Pa. Super. 2019) (explaining that the PCRA court's determination as to whether it has jurisdiction is a threshold requirement, and "[i]n the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement[,] or neglect" (citation omitted)).

In *Lloyd I*, a prior panel of this Court concluded and directed as follows:

[T]he record in this matter is undeveloped. It is simply not clear, absent prior knowledge of Blakeney's mental illness, PCRA counsel would have had any reason to seek out the newly unsealed guilty plea hearing transcript. Thus, we cannot say, based on the current record, the PCRA court was correct in holding the information contained in the transcript was not unknown and, therefore, did not constitute an unknown fact. Moreover, the record is simply undeveloped with respect to whether or not [Appellant] acted with due diligence in uncovering the information. Thus, we find the PCRA court erred in dismissing [Appellant's] PCRA petition.

Instantly, we are not holding [Appellant] met the threshold inquiry of establishing the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence. Instead, we hold there is a genuine issue of material fact as to whether the facts were unknown and whether [Appellant] acted with due diligence and, therefore, [Appellant] is entitled to an evidentiary hearing with respect to these issues. If, after a hearing, the PCRA court determines the facts were unknown and [Appellant] did act with due diligence, then [Appellant] has pled and proven the applicability of the newly discovered fact exception to the PCRA's timeliness requirement. In that case, the PCRA court possesses the jurisdiction to consider the merits of [Appellant's] *Brady* and [after] discovered fact claims.

During the pendency of the instant appeal, [Appellant] filed an additional PCRA petition with the court below on August 31, 2019, as well as an application with this Court, on September 5, 2019, to supplement the record with the August 31st petition. Given the inordinate delays in this matter, as well as the substance of the petition, upon remand, the scope of the remand may include consideration of the PCRA petition filed August 31, 2019. We deny

- 10 -

the application to supplement the record, without prejudice to seek relief from the PCRA court upon remand.

Accordingly, for the reasons discussed above, we find the PCRA court erred in dismissing [Appellant's] PCRA petition. We remand for an evidentiary hearing and direct the PCRA court to appoint counsel to represent [Appellant's] interests in this hearing, as expeditiously as possible.

*Lloyd I* at *6-7 (citations omitted and formatting altered).

It is undisputed that despite this Court's directive in *Lloyd I*, the PCRA court did not hold a hearing in this matter. After this Court ordered remand in *Lloyd I*, the PCRA court appointed counsel and counsel filed an amended second PCRA petition on April 4, 2020. In response, the Commonwealth filed a motion to dismiss on October 21, 2020. Mot. to Dismiss, 10/21/20. However, in its motion, the Commonwealth agreed that Appellant's second PCRA petition satisfied the newly discovered fact exception to the PCRA time bar. *Id.* at 1-2.

On March 3, 2021, the PCRA court filed notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.907. Rule 907 Notice, 3/3/21. In its Rule 907 notice, the PCRA court checked a box denoting that Appellant's PCRA petition lacked merit. *See id.* In orders filed on August 19, 2021, and August 20, 2021, the PCRA court dismissed Appellant's PCRA petition without a hearing. Order, 8/19/21; Order, 8/20/21.

As noted previously, Appellant argues that the PCRA court failed to follow this Court's directive from *Lloyd I* and erred in dismissing his second PCRA petition without a hearing. Appellant's Brief at 9. However, the

- 11 -

Commonwealth responded that that no hearing was required because it conceded that Appellant satisfied an exception to the PCRA time bar, and therefore the PCRA court was free to reach the merits of Appellant's PCRA petition. Commonwealth's Brief at 10-11. Additionally, the Commonwealth asserts that Appellant's *Brady* claim concerning the Commonwealth's alleged failure to disclose Blakeney's mental health records was resolved in co-defendant Kenneth Miller's case. *Id.* at 11-13. The Commonwealth notes that in Kenneth Miller's case, the PCRA court held a hearing on this matter, concluded that there was no *Brady* violation, and it dismissed Kenneth Miller's PCRA petition. *Id.* at 11. The Commonwealth adds that this Court affirmed the PCRA court's denial of Kenneth Miller's PCRA petition in a published opinion. *Id.* at 12-13 (citing *Commonwealth v. Miller*, 212 A.3d 1114 (Pa. Super. 2019)).

After review, we vacate the PCRA court's orders filed on August 19, 2021 and August 20, 2021, and we again remand this matter to the PCRA court. As stated above, the timing requirements of the PCRA are jurisdictional. *See Gamboa-Taylor*, 753 A.2d at 783. We are cognizant that the Commonwealth agreed with Appellant that his second PCRA petition satisfied the newly discovered fact exception to the PCRA time bar and appreciate the Commonwealth's candor in this regard. However, we are constrained to conclude that the PCRA court did not make this determination on the record which was necessary to perfect the PCRA court's jurisdiction. *See id.*; *see also Ballance*, 203 A.3d at 1033 (explaining that the PCRA court's jurisdiction

is a threshold requirement, and jurisdiction cannot be conferred by agreement).

Moreover, although the PCRA court may have held a hearing in Kenneth Miller's case and addressed an identical **Brady** claim, and while this Court affirmed the dismissal of Kenneth Miller's PCRA claims, there is nothing from Kenneth Miller's case in the certified record in the instant case. It is well-settled that for purposes of appellate review that what is not of record does not exist. **Commonwealth v. Holley**, 945 A.2d 241, 246 (Pa. Super. 2008). The certified record in this matter does not include the notes of testimony from Kenneth Miller's PCRA hearing, nor does it contain the order or the PCRA court's opinion from the dismissal of Kenneth Miller's PCRA petition.

Additionally, there is no evidence in the record that the PCRA court considered or addressed Appellant's claims relative to Detective Baker aside from the Rule 907 notice where the PCRA court checked a box noting that Appellant's claims were meritless. Furthermore, because the PCRA court did not order a Rule 1925(b) statement, nor prepare a Rule 1925(a) opinion, and has retired from the bench, we are without any rationale supporting the PCRA court's orders. In **Commonwealth v. Montalvo**, 114 A.3d 401 (Pa. 2015), our Supreme Court explained that "in order to enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required." **Id.** at 410 (citations omitted and formatting altered). "Where a PCRA court fails to support its holding with sufficient explanations of the facts and law, or [it] fails to provide an adequate opinion

- 13 -

addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate." *Id.* Additionally, remand may necessitate further proceedings including holding a hearing and the admission of supplemental evidence from which the PCRA court can make findings of fact and conclusions of law regarding the credibility of the proposed testimony, as well as its impact on the truth-determining process. *Id.*

In sum, there is no judicial determination on whether Appellant satisfied an exception to the PCRA time bar that would confer jurisdiction upon the PCRA court, there is nothing in this record concerning the PCRA court's ruling in Kenneth Miller's case that may be applied to the instant case, and there is nothing in the record indicating that the PCRA court considered Appellant's claims regarding Detective Baker. Moreover, because there is no PCRA court opinion, we do not have the PCRA court's rationale to support its conclusion that Appellant's claims lack merit beyond the checked-box on the Rule 907 notice and the conclusory statement in the orders dismissing Appellant's PCRA petition.

For these reasons, we vacate the PCRA court's orders filed on August 19, 2021 and August 20, 2021, and remand for the PCRA court to comply with this Court's prior mandate to hold an evidentiary hearing addressing Appellant's PCRA petition as expeditiously as possible. *See Commonwealth v. Rohades*, 300 EDA 2019, 2020 WL 6285217, at *3 (Pa. Super. filed Oct. 27, 2020) (unpublished mem.) (vacating and remanding for further proceedings where the PCRA court did not comply with this Court's prior

- 14 -

mandate) (citing **Carmen Enters., Inc. v. Murpenter, LLC**, 185 A.3d 380, 389 (Pa. Super. 2018) (stating, a "trial court has an obligation to comply scrupulously, meticulously, and completely with an order of the appellate court remanding a case to the trial court[, and t]he trial court is required to strictly comply with the mandate of the appellate court." (citations omitted and formatting altered)).[5]   At the evidentiary hearing, the PCRA court shall first determine whether Appellant's second PCRA petition satisfied the newly discovered facts evidence exception to the PCRA time bar, and if the court deems Appellant's petition timely, it shall then address the merits of Appellant's substantive issues.  Additionally, the PCRA court has discretion to permit the parties to supplement the record.  After the hearing is concluded, the PCRA court shall file a final and appealable order that addresses Appellant's second PCRA petition, and the court shall provide the reasons for its disposition.

Orders vacated.   Case remanded with instructions.   Jurisdiction relinquished.

---

[5] We may cite to unpublished memorandum decisions of this Court filed after May 1, 2019, for their persuasive value.  Pa.R.A.P. 126(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/2022</u>